IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JARED M. SMITH,                                    )
                                                   )
              Plaintiff,                           )
                                                   )
vs.                                                )        Case No. 21-cv-1468-NJR
                                                   )
                                                   )
PERCY MEYERS, SABRINA                              )
STEVENS, TAMMY STEVENS,                            )
PENNY GEORGE, REYNAL                               )
CALDWELL, WEXFORD HEALTH                           )
SOURCES, INC., ROB JEFFREYS,                       )
TERRY A. GRISSOM, DEANNA                           )
KINK, DEBBIE KNAVER, ANN LAHR,                     )
TRAVIS BAYLER, ADEWALE                             )
KUFORIJI, TAYLOR DOUGLAS,                          )
MISTY FOWRE, and L. LONG,                          )
                                                   )
              Defendants.                          )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jared M. Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Vienna Correctional Center ("Vienna"). In his Complaint (Doc. 1), Smith alleges Defendants were deliberately indifferent to his chest pain and lung condition in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### *In Forma Pauperis* **Motion**

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* ("IFP"), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Smith has had more than three cases which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Smith v. Robertson*, Case No. 17-cv-3092-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. Walsh*, Case No. 17-cv-3105-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. City of Danville*, Case No. 17-cv-2323-CSB (C.D. Ill. dismissed Jan. 5, 2018); and *Smith v. Grissom, et al.*, Case No. 20-cv-1219-NJR (S.D. Ill. dismissed May 7, 2021).

Thus, Smith has accumulated three "strikes" for purposes of Section 1915(g) and cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed [as a pauper] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330.

The Court notes that Smith is no longer housed at Vienna. Since the filing of his Complaint, he has transferred to Shawnee Correctional Center. Although Smith has transferred from Vienna, his transfer does not moot the imminent danger analysis because the analysis requires the Court to consider whether Smith was in imminent danger at the time of filing. *See Ciarpaglini,* 352 F. 3d at 330 (7th Cir. 2003) ("The question is whether these allegations are sufficient to find that [the plaintiff], when he filed his complaint, satisfied the 'imminent danger of serious physical injury' requirement"); *Duncan v. Spiller*, No. 15-cv-087-MKR-SCW, 2015 WL 13740745, at *6 (S.D. Ill. Oct. 28, 2015) ("the standard for proceeding IFP is whether the inmate was in imminent danger at the time he filed the Complaint"); *Naseer v. McArdle*, No. 17-cv-509-Jdp, 2020 WL 1638844, at *4 (W.D. Wisc. Apr. 2, 2020) ("The imminent danger requirement applies to a plaintiff's status at the time he filed his complaint. So a change in those conditions after filing of the complaint does not affect the imminent danger analysis."). Thus, the Court

3

must still make a determination regarding Smith's imminent danger claim even though he transferred to a different facility after filing the Complaint.

The imminent danger exception is available for "genuine emergencies," where "time is pressing." *Lewis v. Sullivan*, 279 F. 3d 526, 531 (7th Cir. 2002). Smith alleges that he had prior diminished lung volumes and then contracted Covid-19 in October 2020. As a result, he alleges that he has serious lung issues and frequent pain in his lungs (Doc. 1, p. 56). He has also experienced a number of health emergencies in recent months, but healthcare officials refuse to refer him to an outside hospital or pulmonologist. If those claims prove to be true, Smith's health condition could be considered an imminent danger. Although Smith has not attached medical records documenting his care, he has attached his grievances and grievance responses (Doc. 1, pp. 8-54). The responses from Smith's care team at Vienna seem to suggest that Smith does not have a genuine emergency. He has been seen on several occasions for "chest pain" and all of his tests and exams have been normal (*Id*. at p. 9). There is also some indication that he has been on outside furloughs to specialty appointments (*Id*. at p. 26). In response to one grievance, Nurse Practitioner Stevens noted that the information Smith provided about his care was "fictitious" (*Id*. at p. 35).

But based only on his self-reported condition and care in his Complaint, it appears, at least at this time, that Smith *could* be facing a genuine emergency. Thus, the Court will allow Smith to proceed *in forma pauperis* under the "imminent danger" exception to the "three strikes" rule, at least *preliminarily*. If Smith's allegations of imminent physical harm prove to be untrue, then he must pay the whole filing fee promptly. *See Sanders v. Melvin*,

4

873 F.3d 957, 961 (7th Cir. 2017). And if it turns out that he has lied in an effort to manipulate the Court, the case may be dismissed with prejudice as a sanction even if Smith pays the full $400 filing fee. *Id.*

Accordingly, Smith's IFP Motion will be **GRANTED**. The initial partial filing fee and payment scheme will be set forth in a separate order.

## The Complaint

Smith makes the following allegations in his Complaint (Doc. 1): He was previously diagnosed with diminished lung capacity (*Id*. at p. 56). In October 2020, he contracted Covid-19. Since his diagnosis, a recent x-ray showed granuloma in the base of his lungs (*Id*.). He now suffers from chest pains and difficulty breathing, but Dr. Percy Meyers, Nurse Practitioner Sabrina Stevens, and Healthcare Unit Administrator Tammy Stevens have denied his requests to see a pulmonologist or other specialist, as well as his request for an MRI (*Id*.). As recently as September 20, 2021, Dr. Meyers and T. Stevens denied his request for an outside referral.

Throughout 2021, he has had multiple health emergencies requiring his transfer to the healthcare unit for chest pains and shortness of breath (*Id*. at p. 56). One such incident occurred in June 2021. Starting June 6, 2021, he put in sick call slips which were not reviewed over the weekend (*Id*. at p. 57). On June 7, 2021, he finally saw Dr. Meyers, but he was refused an EKG (*Id*. at pp. 57-58). On June 9, 2021, he had a medical emergency with chest pain and shortness of breath (*Id*.). Although he was allowed to stay in the healthcare unit on that occasion, he was denied a transfer to the hospital. A similar incident occurred June 25, 2021, when Smith sent several requests for care because of his

chest pain but the sick call slips were ignored over the weekend. They were not reviewed until the following Monday (*Id*. at pp. 56-57).

Smith believes he is suffering from an untreated lung condition. He alleges that Dr. Caldwell told him that he did not have any issues with his heart and that the pain was coming from his lung wall (*Id*. at p. 58). Even though Dr. Caldwell noted Smith had lung issues, he still refused to refer Smith for outside care (*Id*. at pp. 58, 61-62).

Smith wrote several grievances about his condition and the need for treatment, but they were denied by Rob Jeffreys, Terry Grissom, DeAnna Kink, Ann Lahr, Debbie Knauer, Travis Baylor, and Adewale Kuforiji (*Id*. at pp. 60-61). Terry Grissom deemed some of his grievances as an emergency, but then ultimately concurred with the grievance officer's decision to deny the grievance (*Id*. at p. 60).

Smith states that he fears for his life because he has a serious lung condition, but he is being refused care (*Id*. at p. 60). He believes that his already diminished lung capacity, combined with the granuloma from his bout of Covid-19, put him at risk. Without care from a specialist, Smith believes his lungs will get worse.

## Preliminary Dismissals

Smith includes Penny George, L. Long, and Wexford Health Sources, Inc., as defendants in the caption of his Complaint but fails to include any allegations against them in his statement of claim. Because he fails to allege that these individuals acted with deliberate indifference, George, Long, and Wexford are **DIMISSED without prejudice**.

To the extent that Smith seeks to bring a claim against every grievance official who reviewed his grievance, Smith fails to state a claim. Smith only alleges that these officials

6

denied his grievances, which is not enough to state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, Rob Jeffreys, Terry A. Grissom, DeAnna Kink, Ann Lahr, Debbie Knauer, Travis Baylor, and Adewale Kuforiji, are **DISMISSED without prejudice**.

Smith also alleges that on August 3, 2020, Taylor Douglas and Misty Fowre interrupted a sick call visit he had with Sabrina Stevens (Doc. 1, p. 59). He alleges that Douglas's mere presence was threatening. She later wrote a disciplinary ticket against him because Smith did not acknowledge her presence during the visit (*Id.*). He also alleges Misty Fowre was present and participated in the interruption. They also allegedly entered his ID wrong in the system. He does not include any specifics about the "interruption," other than it resulted in a disciplinary ticket, nor does he indicate how this "interruption" prevented him from receiving medical care. To the extent that he alleges their mere presence made him feel unsafe, kept him from receiving medical care, or that they entered the wrong ID number for him in his medical records, these actions do not rise to the level of deliberate indifference to his medical condition. Thus, Taylor Douglas and Misty Fowre are also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following single count:

Count 1:   **Eighth Amendment deliberate indifference claim against Percy Meyers, Sabrina Stevens, Tammy Stevens, and Reynal Caldwell for failing to send Smith for outside care for his lung condition.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Smith states a viable deliberate indifference claim against Percy Meyers, Sabrina Stevens, Tammy Stevens, and Reynal Caldwell. Smith has also filed a motion for emergency injunctive relief (Doc. 3). Although he is no longer housed at Vienna, his allegations (if true) could pose a risk of imminent danger. Thus, to the extent Smith seeks an Order for a referral to an outside specialist, the Court will **ADD** the warden at Smith's current facility, Shawnee Correctional Center, who would be responsible for implementing any injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir.2011). Daniel Monti, the current warden of Shawnee, is added to the case in his official capacity only.

## Pending Motions

As previously stated, Smith submitted an emergency motion requesting injunctive relief (Doc. 3). He seeks an Order for an MRI and/or CT scan and an evaluation by an

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

outside specialist. Although labeled as an "emergency" motion, Smith has not demonstrated that his condition is so dire that an injunction should enter prior to the Defendants being served. The Complaint and attached grievances also indicate that he has been seen by doctors on numerous occasions. Smith is also no longer at Vienna and the current status of his care at the new facility is unknown. Accordingly, his request for emergency injunctive relief is **DENIED**. But the motion will remain pending until Defendants have been served. Defendants are **ORDERED** to respond to the request for a preliminary injunction within **14 days** of service of the pleadings in this case. The Court also **DIRECTS** Daniel Monti to file a response to Smith's motion, indicating the current status of his care at Shawnee. Once the Defendants and Monti have filed responses, the Court will set the matter for a hearing both to determine Smith's need for injunctive relief and to further analyze his claim of "imminent danger." *Sander*s, 873 F.3d at 961 ("if a claim [of imminent danger] is challenged by the defense, or seems fishy to the judge, it must be supported by facts presented in affidavits or, if appropriate, hearings").

## Disposition

For the reasons stated above, Count 1 shall proceed against Percy Meyers, Sabrina Stevens, Tammy Stevens, and Reynal Caldwell. All potential claims against Penny George, L. Long, Rob Jeffreys, Terry A. Grissom, DeAnna Kink, Ann Lahr, Debbie Knauer, Travis Baylor, Adewale Kuforiji, Wexford Health Sources, Inc., Taylor Douglas and Misty Fowre are **DISMISSED without prejudice**. Daniel Monti (official capacity only) is **ADDED** to the case for the purpose of implementing any injunctive relief.

9

The motion for injunctive relief (Doc. 3) remains pending and **Defendants, as well as Daniel Monti, are DIRECTED to file a response to the motion within 14 days of service of the pleadings.**

The Clerk of Court shall prepare for Defendants: Percy Meyers, Sabrina Stevens, Tammy Stevens, Reynal Caldwell, and Daniel Monti (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Smith. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Smith, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

10

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Smith, and the judgment includes the payment of costs under Section 1915, Smith will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Smith is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  December 17, 2021

_____

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**