IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. SMITH, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No.   21-cv-1468-RJD |
| | ) |
| PERCY MYERS, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Jared Smith, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Vienna Correctional Center ("Vienna").  Plaintiff is currently incarcerated at Shawnee Correctional Center.  Plaintiff alleges he was previously diagnosed with diminished lung capacity and, in October 2020, he contracted Covid-19.  Since contracting Covid-19, a recent x-ray showed granuloma in the base of Plaintiff's lungs.  Plaintiff asserts he suffers from chest pains and difficulty breathing, but Dr. Percy Myers, Nurse Practitioner Sabrina Stevens, and Healthcare Unit Administrator Tammy Stevens have denied his requests to see a pulmonologist or other specialist, as well as his request for an MRI.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A, and he was allowed to proceed on the following claim:

> Count One:   Eighth Amendment deliberate indifferent claim against Percy Meyers, Sabrina Stevens, Tammy Stevens, and Reynal Caldwell for failing to send Smith for outside care for his lung condition.

The Warden of Shawnee, Daniel Monti, was added as a defendant only in his official capacity for

the purpose of carrying out any injunctive relief that may be ordered.

In screening the complaint, District Judge Rosenstengel found that Plaintiff has accumulated three "strikes" for purposes of Section 1915(g), and cannot proceed IFP unless he is under imminent danger of serious physical injury. More specifically, Judge Rosenstengel wrote:

> [B]ased only on [Plaintiff's] self-reported condition and care in his Complaint, it appears, at least at this time, that [Plaintiff] *could* be facing a genuine emergency. Thus, the Court will allow [Plaintiff] to proceed *in forma pauperis* under the "imminent danger" exception to the "three strikes" rule, at least *preliminarily*. If [Plaintiff]'s allegations of imminent physical harm prove to be untrue, then he must pay the whole filing fee promptly. *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017). And if it turns out that he has lied in an effort to manipulate the Court, the case may be dismissed with prejudice as a sanction even if [Plaintiff] pays the full $400 filing fee. *Id.*

(Doc. 7 at 4-5).

Along with his complaint, Plaintiff filed a motion for emergency injunctive relief, which the Court construed as a motion for preliminary injunction (*see* Doc. 3). On March 30, 2022, the undersigned denied Plaintiff's motion for a preliminary injunction following a hearing (Doc. 52). In that Order, the undersigned ordered Plaintiff to show cause as to why his *in forma pauperis* status should not be revoked based on the finding there was no indication that Plaintiff's medical problems suggest he was in imminent danger of serious physical harm at the time he filed this lawsuit.

Plaintiff filed a timely response to the Court's show cause order. In his response, Plaintiff asserts that at the February 28, 2022 hearing, his claims concerning his lung issues were "proven to be true," and, as such, his health condition should be considered an "imminent danger." In support of this assertion, Plaintiff recites his testimony from the hearing regarding his complaints and cites various parts of the Court's Order denying his preliminary injunction, in which he asserts the Court erred. Generally, Plaintiff's response to the show cause order appears to be an attempt

to re-hear his request for a preliminary injunction.

As mentioned above, Plaintiff was allowed to proceed in this matter preliminarily under the "imminent danger" exception under 28 U.S.C. § 1915(g). Section 1915(g)'s "imminent danger" exception is available for "genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). As explained by the court in *Ammons v. Hannula*, "[i]f the plaintiff succeeds in his attempt for a preliminary injunction, the imminent danger question will be temporarily resolved pending trial. However, where the plaintiff fails to show some likelihood of success on the merits, it may call into question whether the plaintiff was actually in 'imminent danger of serious physical harm' to begin with." No. 08-cv-608-bbc, 2009 WL 799670, at *3 (W.D. Wis. Mar. 24, 2009).

Here, Plaintiff's failure to present evidence supporting his claim that he was in imminent danger at the time he filed his complaint means the undersigned must rely on the facts adduced in the preliminary injunction proceedings in assessing whether to revoke Plaintiff's *in forma pauperis* status. It is clear from the undersigned's Order denying Plaintiff's motion for preliminary injunction that Defendants have provided Plaintiff with treatment they believe to be appropriate using their medical judgment. While the Court recognizes this may not be the treatment Plaintiff would prefer, the clinical findings have not matched Plaintiff's complaints. Thus, the facts indicate that Plaintiff's allegations of imminent danger are not credible, and Plaintiff's *in forma pauperis* status must be revoked.

Plaintiff must submit the remainder of the filing fee, $379.94, to the Clerk of Court by **June 9, 2022**. If Plaintiff does not pay the fee by this deadline, the case will be dismissed for Plaintiff's failure to pay the filing fee. *See* Fed. R. Civ. P. 41(b). The Court **STAYS** all matters in this case until Plaintiff has paid the filing fee.

**IT IS SO ORDERED.**

**DATED: May 10, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**